**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

**CIVIL ACTION NO. 24-117-DLB**

**HAKIM RASHID**                                                             **PETITIONER**


**v.**                          **MEMORANDUM OPINION AND ORDER**


**CHRISTOPHER ENTZEL, Warden**                                   **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

In December 2012, Hakim Rashid was sentenced to 262 months imprisonment for a drug trafficking offense. The federal trial court in South Carolina also imposed a four-year term of supervised release. *United States v. Rashid*, No. 4:10-CR-941-RBR (D.S.C. 2010), (Doc. # 735 therein). Rashid's sentence was later reduced to 235 months. *See* (Doc. # 1160 therein). In the years following, Rashid has filed more than a dozen motions to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255 or to obtain an earlier release from custody pursuant to 18 U.S.C. § 3582, without success.

In December 2024, Rashid sought habeas corpus relief from this Court, contending that the BOP had failed to place him in home confinement or a halfway house and had not properly applied earned time credits under the First Step Act towards his prerelease custody. *See* (Doc. # 1 at 4-5); *see also* (Doc. # 1-1 at 13-14). Specifically, in 2024, the Residential Reentry Management Center declined to place Rashid in home confinement because he had been convicted of manslaughter in 1994, an outcome he contends violates 18 U.S.C. § 3624(g)(11). *Id*. at 6-8; *see also* (Doc. # 1-1 at 9, 12). Further, the BOP would not transfer Rashid to a halfway house as planned on December 16, 2024,

1

because it lacked sufficient bed space to accommodate him, despite Rashid having otherwise earned enough sentence credits to warrant the transfer.  *See id*. at 9.

After the Court ordered a response from the Warden, on January 17, 2025, President Joseph R. Biden, Jr., issued an Executive Grant of Clemency to nearly 2500 federal inmates, Rashid among them.  *See* (Doc. # 1584 therein at 15).  The Grant provided as follows:

> I hereby further commute the total sentence of imprisonment each of the following named persons is now serving to expire on **April 17, 2025**.  If applicable, I also remit up to $10,000 of the unpaid balance of the fine or restitution amount imposed by the court that remains at the end of each person's respective sentence.  For any individual that has a term of supervised release or other components of the sentence, I leave intact and in effect the term of supervised release imposed by the court with all its conditions and all other components of the sentence.

*See id*. at 11 (emphasis in original).  With the Court's permission, Rashid supplemented his petition to separately contend that the release date identified in the Executive Grant of Clemency should be advanced by the approximately one thousand days of good conduct time he had earned, entitling him to immediate release.  *See* (Doc. # 8 at 2-3).

The Warden has responded to the petition, arguing that the BOP properly applied credits under the FSA and that, in any event, its decisions in that regard are statutorily insulated from judicial review.  *See* (Doc. # 9 at 2-9).  The Warden further argues that the President's grant of executive clemency provided that Rashid's incarceration would end on a date certain – April 17, 2025.  *See* (Doc. # 11 at 5-8).  Rashid was released from Bureau of Prisons custody on March 12, 2025, and now resides in South Carolina.  *See Rashid v. Entzel*, No. 0: 25-CV-19-DLB (E.D. Ky. 2025) (Doc. # 10 therein).

Rashid's request for prerelease custody or home confinement has been rendered moot by his post-petition release from BOP custody.  "To qualify as a case fit for federal

adjudication, an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Arizonans for Official English v. Arizona*, 117 S. Ct. 1055, 1068 (1997) (*quoting Steffel v. Thompson*, 94 S. Ct. 1209, 1216, n.10 (1974)).  When the plaintiff no longer suffers from "an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision," *Lewis v. Continental Bank Corp.*, 110 S. Ct. 1249, 1254 (1990), the case is moot and must be dismissed for want of a case or controversy.  As this Court recently concluded in a similar context, a prisoner's petition seeking transfer to pre-release custody is rendered moot by his post-petition transfer to such custody.  *See Hulse v. Warden*, No. 0:24-113-DLB (E.D. Ky. Apr. 10, 2025) (*citing Poirier v. Wilson*, No. 4:21-cv-145-P, 2021 WL 4168766, at *1 (N.D. Texas Aug. 10, 2021)); *see also Taylor v. Paul*, No. 5:21-CV-264-JMH, 2022 WL 2092772, at *1 (E.D. Ky. May 20, 2022) (*citing Pettrey v. Enterprise Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009)); *Antoine v. Rardin*, No. 24-CV-12462, 2025 WL 968285, at *3 (E.D. Mich. Mar. 31, 2025)).

It is open to question whether Rashid's release also mooted his claim that the grant of executive clemency should have advanced his release date in light of already-earned good conduct time.  On the one hand, Rashid remains subject to an undischarged period of supervised release, a period that could be shortened by a determination in his favor.  *Cf. Goff v. Morse*, No. 14-CV-130-HRW, 2015 WL 86976, at *3 (E.D. Ky. Jan. 6, 2015) (*citing McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993) (finding that although petitioner had been released from federal custody, his supervised release dates were affected by the BOP's computation of credit on his federal sentence)); *see also Shorter v. Warden*, 803 F. App'x 332, 335 (11th Cir. 2020).  On the other, Rashid is no longer

3

confined in this district as required to grant habeas relief, *see White v. Gilley*, No. 6:23-CV-110-CHB, 2023 WL 5987206, at *3 (E.D. Ky. Sept. 13, 2023), and the sentencing court is arguably now the proper place for him to seek to reduce his supervised release term.  *See Herndon v. Upton*, 985 F. 3d 443, 446-47 (5th Cir. 2021) (holding that § 2241 petition challenging BOP's calculation of prior custody credits was mooted upon prisoner's release where, although prisoner was still "in custody" serving supervised release term, prisoner had not sought corresponding reduction of supervised release term by motion under 18 U.S.C. § 3583(e)(2)).

Even if the Court were to assume that a live controversy remains for adjudication, Rashid's contention is without merit.  Article II, Section 2 of the United States Constitution states that "[t]he President . . . shall have Power to grant Reprieves and Pardons for Offences against the United States, except in Cases of Impeachment."  The United States Supreme Court has explained that "[t]he plain purpose of the broad power conferred by s 2, cl. 1, was to allow plenary authority in the President to 'forgive' the convicted person in part or entirely, to reduce a penalty in terms of a specified number of years, or to alter it with conditions which are in themselves constitutionally unobjectionable."  *Schick v. Reed*, 419 U.S. 256, 266, 95 S. Ct. 379 (1974).  As the Warden notes, the Executive Grant of Clemency expressly provided that Rashid's sentence was commuted to conclude on April 17, 2025.  This date appears to have been chosen to afford the BOP sufficient time to prepare Rashid for release.  Contrarywise, Rashid's approach would have entitled him to release more than four years before the Grant was even signed.  The BOP's interpretation is the only one that flows reasonably and faithfully from the text of the Grant itself.

Accordingly, the Court will deny Rashid's clemency-based claim in his supplemental petition.

Accordingly, it is **ORDERED** as follows:

1.      Hakim Rashid's original and supplemental petitions for a writ of habeas corpus (Doc. # 1; # 8) are **DENIED**.

2.      This action is **STRICKEN** from the Court's docket.

This 12th day of June, 2025.



Signed By:

*David L. Bunning*

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\PSO Orders\Rashid 0-24-117 Memorandum.docx